IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MARVIN SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No: 1:06-cv-00354 (RMC) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' REPLY TO PLAINTIFF'S
RESPONSE TO MOTION TO DISMISS**

The United States submits this reply to address one point raised by plaintiff in his opposition to the motion to dismiss.1/ The United States otherwise relies on its motion to dismiss.

STATEMENT

This is a civil action in which plaintiff alleges that, beginning with tax year 2001, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks damages for alleged "wrongful collection." The United States moved to dismiss asserting that plaintiff failed to demonstrate that he exhausted administrative remedies by filing an administrative claim for damages and thus the

---

1/ Plaintiff also asserts that sanctions under Fed. R. Civ. P. 11 should be imposed. (Pl. Opp. at 1.) Plaintiff's request for sanctions should be denied. Plaintiff does not allege, nor can he, that he complied with the requirements of Fed. R. Civ. P. 11(c)(1)(A). Further, plaintiffs's request lacks even an iota of merit. More importantly, since the United States' motion to dismiss is well-founded in law, there is certainly no basis for requesting sanctions. Further, to the extent plaintiff's response is deemed a motion to strike, the United States opposes such a request is meritless.

1726476.1

Court lacks subject matter jurisdiction over his claim for damages. Plaintiff filed an opposition in which he asserted that (1) he may personally effect service on the United States under Fed. R. Civ. P. 4(i)(1)(A)2/ and (2) the requirement to exhaust administrative remedies is nonjurisdictional.

In support of his assertion that the requirement to exhaust administrative remedies is not jurisdictional, plaintiff relies on Judge Bates' decision in *Turner v. United States*, __F.Supp.2d___, 2006 WL 1071852 *3-4 (D.D.C. 2006). (Pl. Opp. at 1, 3.) Plaintiff's reliance is misplaced.

First, this court is not bound by Judge Bates' decision. *See* 18 *Moore's Federal Practice* § 134.02[1][d] ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); *see also Northwest Forest Resource Council v. Dombeck*, 107 F.3d 897, 900 (D.C. Cir. 1997).

Second, numerous courts have held that the requirement that a taxpayer exhaust administrative remedies prior to bringing suit is indeed jurisdictional. *See McGuirl v. United States*, 360 F.Supp.2d 129 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United*

---

2/ In a footnote, the United States indicated that it was concerned that plaintiff may not have effected proper service and asserted that plaintiff should allege facts sufficient to demonstrate that he effected proper service. Plaintiff neither filed proofs of service nor alleged facts adequate to demonstrate proper service. Instead, plaintiff implied improper service by asserting that he personally is permitted to serve the summons and complaint. As stated in the United States' motion to dismiss, service by a party is not proper service.

*States*, 979 F.2d 1375 (9th Cir. 1992); *Info. Res., Inc. v. United States*, 950 F.2d 1122, 1125-27 (5th Cir. 1992); *Bennett v. United States*, 361 F.Supp.2d 510, 514 (W.D. Va. 2005); *Simmons v. United States*, 875 F.Supp. 318, 319 (W.D.N.C. 1994); *Music Deli & Groceries, Inc. v. IRS*, 781 F.Supp. 992, 997 (S.D.N.Y. 1991); *Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907 (D.D.C. 2006) (Huvelle); *Glass v. United States*, 2006 U.S. Dist. LEXIS 14908 (D.D.C. 2006) (Huvelle); *Koerner v. United States*, 2006 U.S. Dist. LEXIS 14909 (D.D.C. 2006) (Huvelle); *Pierce v. United States*, 2006 U.S. Dist. LEXIS 14910 (D.D.C. 2006) (Huvelle).

Third, assuming *arguendo*, that the requirement to exhaust is not a bar to the Court's jurisdiction, plaintiff failed to adequately allege that he complied with the administrative requirements necessary to obtain damages for wrongful collection.

And last, even though Judge Bates held that section 7433's exhaustion requirement is not jurisdictional, he nevertheless dismissed the case for failure to state a claim.

## CONCLUSION

For the reasons stated above and in the motion to dismiss, the United States requests that the Court dismiss the action.

DATE: May 25, 2006.                Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax: (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS was caused to be served upon plaintiff *pro se* on the 25th day of May, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> MARVIN SANDERS
> *Plaintiff pro se*
> 2300 Youngland Avenue
> Louisville, KY 40216.

> /s/ Jennifer L. Vozne
> JENNIFER L. VOZNE

1726476.1